UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE INTEL CORPORATION

SECURITIES LITIGATION

Case No.  24-cv-02683-TLT

**ORDER APPOINTING CO-LEAD PLAINTIFF AND APPROVING CO-LEAD COUNSEL**

Re: Dkt. Nos. 17, 21, 23, 29, 39

Before the Court are four motions to appoint lead plaintiff and lead counsel timely filed on July 2, 2024, including from:

(1) Plaintiff Saratoga Advantage Trust Technology and Communications Portfolio ("Saratoga") with proposed Lead Counsel Finkelstein & Krinsk, LLP,

(2) Plaintiff Vipul Lakhani ("Lakhani") with proposed Lead Counsel Levi & Korsinsky, LLP,

(3) Plaintiff Intel Investor Group (comprised of Garden Management Inc., AM Equity and Consulting LLC, and Richard Arzillo) with proposed Lead Counsel Glancy, Prongay & Murray, LLP ("Glancy, Prongay & Murray"), and

(4) Plaintiff Byong Wook Jeon ("Jeon") with proposed Lead Counsel The Rosen Law Firm, P.A. ("Rosen Law").  ECF 17, 21, 23, 29.

Saratoga and Lakhani filed notices of non-opposition indicating that they did not have the largest financial interest pursuant to 15 U.S.C. § 78u-4(a)(3)(B). *See* ECF 37, 38. Subsequently, Intel Investor Group and Jeon ("Movants") filed stipulation to serve as co-lead plaintiffs with Glancy, Prongay & Murray and Rosen Law serving as co-lead counsel. ECF 39.

After review and consideration of the motion, briefings, attachments and exhibits thereto, the Court **GRANTS** Intel Investor Group's and Jeon's stipulated motions to serve as co-lead plaintiffs and approves the selection of Glancy, Prongay & Murray and Rosen Law as co-lead

United States District Court
Northern District of California

counsel. Saratoga's and Lakhani's motions to appoint lead plaintiff and approve lead counsel are **DENIED** as moot.

## I.    BACKGROUND

On May 3, 2024, Plaintiff Patricia Quille, individually and on behalf of all others similarly situated, filed a class action complaint against Intel Corporation ("Intel"), the Company's Chief Executive Officer ("CEO") Pat Gelsinger, and the Company's Chief Financial Officer ("CFO") David Zinsner ("Defendants"). ECF 1 ("Compl.").

The class action is on behalf of persons and entities that purchased or otherwise acquired Intel securities between **January 25, 2024 and April 25, 2024** (the "Class Period"). *Id. ¶* 1.

The Complaint alleges that Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects throughout the Class Period. *Id. ¶* 8. Plaintiff Quille alleges securities fraud including violations of (1) Section 10(b) of the Exchange Act and Rule 10b-5 and (2) Section 20(a) of the Exchange Act. *Id.* ¶ 52-66.

Pursuant to the Private Securities Litigation Reform Act ("PSLRA"), Plaintiff Quille published notice advising members of the purposed plaintiff class of the pendency of the action, the claims asserted, and that any member of the purported class may move the court to serve as lead plaintiff. ECF 8; 15 U.S.C. § 78u-4(a)(3)(A)(i)–(I).

In response to the notice, Saratoga, Lakhani, Intel Investor Group, and Jeon timely filed separate motions to be appointed as lead plaintiff and for approval of their selection of lead counsel. ECF 17, 21, 23, 29. Saratoga and Lakhani subsequently filed notices of non-opposition. ECF 37, 38.

On July 16, 2024, Intel Investor Group and Jeon filed stipulation to be appointed co-lead plaintiffs and to approve their respective selections of counsel as co-lead counsel. ECF 39.

Having reviewed each other's submissions to the Court, Intel Investor Group and Jeon believe it is in the best interests of the class for Intel Investor Group and Jeon to serve as co-lead plaintiffs and for Glancy, Prongay & Murray and Rosen Law to serve as co-lead counsel. *Id.* at 3.

United States District Court
Northern District of California

United States District Court
Northern District of California

## II.    DISCUSSION

### A.    Appointment of Lead Plaintiff

Under the PSLRA, the court shall appoint as lead plaintiff "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The presumptively most adequate plaintiff is the one who: (1) has either filed the complaint or brought a motion for appointment as lead plaintiff in response to the publication of notice; (2) "has the largest financial interest in the relief sought by the class;" and (3) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id.* § 78u-4(a)(3)(B)(iii)(I)(aa)–(cc). "In other words, the district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit. It must then focus its attention on that plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002).

Once established, this presumption may be rebutted only upon proof that the presumptive lead plaintiff: (1) "will not fairly and adequately protect the interests of the class; or" (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)–(bb). The decision to appoint "co-lead plaintiffs is within the discretion of the [c]ourt." *Miller v. Ventro Corp.*, No. 01-CV-1287, 2001 WL 34497752, at *9 (N.D. Cal. Nov. 28, 2001).

#### 1.    Largest Financial Interest

To determine which movant has the largest financial interest, courts have looked to four measures: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) total net funds expended during the class period; and (4) the approximate losses suffered during the class period." *Sneed v. AcelRx Pharms., Inc.*, No. 21-CV-04353-BLF, 2021 WL 5964596, at *2 (N.D. Cal. Dec. 16, 2021). "The total approximate losses are the most significant consideration." *Id.*

3

Intel Investor Group filed declaration indicating that they purchased and retained 112,400 Intel securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions, resulting in financial harm of approximately $1,999,748.70. ECF 25, Linehan Declaration ("Decl."), Exhibit ("Ex.") C.

Separating out the investors from Intel Investor Group:

Garden Management Inc. claim $1,673,946.62 in financial harm.  Muhammad Zia is the President of Garden Management Inc. and a Managing Member of AM Equity and Consulting LLC. See ECF 25, Linehan Decl., Ex. D.

AM Equity and Consulting LLC claim $171,531.11 in financial harm.

Richard Arzillo claims $154,270.96 in financial harm. *Id.*

Garden Management Inc. transactions also indicate that it received a financial benefit of $149,896.00 from trading options on Intel securities; however, Garden Management's alleged financial harm is in net of this benefit. See ECF 25, Linehan Decl., Ex. D.

Jeon separately filed declaration indicating that he purchased and retained 101,595 Intel securities during the Class Period during the Class Period, resulting in $1,880,523.45 in financial harm. ECF 30, Rosen Decl., Ex. 3. Combining the financial harm suffered by Movants, the Movants allege $3,882,272.15 in financial harm. No other movant has suffered harm greater than that alleged by Intel Investor Group and Jeon.

### 2. Rule 23 Requirements

Movants have also made *prima facie* showing of typicality and adequacy. For typicality, the Intel Investor Group purchased and sold Intel securities during the Class Period and suffered losses as a result of its transactions. ECF 23 at 7. Intel Investor Group alleges that Defendants violated federal securities laws by disseminating materially misleading statements concerning Intel's operations and financial prospects. *Id.* It further alleges that its losses arise from the artificial inflation of Intel securities caused by Defendants' alleged misrepresentations and omissions. *Id.* at 7-8. Jeon also purchased and sold Intel securities during the Class Period and suffered losses as a result of his transactions. ECF 29 at 6. Jeon alleges that Defendants violated the Exchange Act by publicly disseminating false and misleading statements about Intel and its business. *Id.*

4

The Court is satisfied that both parties will adequately represent the class.  The adequacy requirement contemplates two questions: "(1) do the movant and its counsel have any conflicts of interest with other class members and (2) will the movant and its counsel prosecute the action vigorously on behalf of the class?"  *In re Mersho*, 6 F.4th 891, 899–900 (9th Cir. 2021) (citations omitted); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); FRCP 23(a).  Neither party is aware of any conflicts, and neither are subject to unique defenses. With the high financial interests, Movants have a strong incentive to vigorously pursue recovery. *See* ECF 25, Linehan Decl., Ex. D (declaration attesting to the Intel Investor Group's adequacy).

### 3.  Stipulation to Serve as Co-Lead Plaintiffs

Both Intel Investor Group and Jeon stipulate that, rather than continuing to litigate their competing motions, it is in the best interests of the Class to amicably resolve the motions and pool their resources to prosecute this action effectively and efficiently. Given the diversity of the Movants in terms of types of shares purchased and the time of purchase within the Class Period, the Court agrees that co-lead plaintiffs will serve the proposed class better than a single lead plaintiff. While Muhammad Zia (combining Garden Management Inc. and AM Equity and Consulting LLC) and Jeon have comparably large losses, it does not escape the Court's attention that Richard Arzillo, who will also be named co-lead plaintiff as part of the Intel Investor Group, has suffered only $154,270.96 alleged in financial harm.

Movants are the presumptive co-lead plaintiffs because they (1) timely moved for appointment as lead plaintiffs in response to the notice; (2) have the largest financial interest in the litigation; and (3) otherwise satisfy the requirements of FRCP 23. Accordingly, the Court **GRANTS** Intel Investor Group's and Jeon's stipulated motion to serve as co-lead plaintiff.

### B.    Appointment of Lead Counsel

Under the PSLRA, once the court has designated a lead plaintiff or co-lead plaintiffs, that plaintiff shall, "subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v).  "[T]he district court should not reject a lead plaintiff's proposed counsel merely because it would have chosen differently.  Rather … if the lead plaintiff has made a

United States District Court
Northern District of California

5

reasonable choice of counsel, the district court should generally defer to that choice." *Cohen v. U.S. Dist. Ct. for N. Dist. of California*, 586 F.3d 703, 711–12 (9th Cir. 2009) (internal citations omitted).

Here, the Intel Investor Group and Jeon ask the Court to approve their respective selections of Glancy, Prongay & Murray and Rosen Law as co-lead counsel. Upon review of the counsel's resumes, both firms have significant experience litigating securities class actions. *See* ECF 25, Linehan Decl., Ex. E; ECF 30, Rosen Decl., Ex. 4.  No movants contend that selecting either as lead counsel would be unreasonable. Movants believe that it is in the best interests of the class for their respective selections of counsel to serve as co-lead counsel. The Intel Investor Group and Jeon stipulate that they are committed to supervising the conduct of this litigation by their counsel and to ensuring that counsel coordinate appropriately, prosecute the action efficiently, and avoid any duplication of effort in the conduct of the litigation.

Glancy, Prongay & Murray and Rosen Law have experience serving as Co-Lead Counsel in previous securities class actions. *See, e.g.*, *Nickolas Van Windgerden v. Cadiz, Inc. et al.*, 2:15-cv-03080 (C.D. Cal.), *Hoffman v. RCI Hospitality Holdings Inc.*, 4:19-cv-01841 (S.D. Tex.), *Li v. Aeterna Zentaris, Inc., et al.*, 3:14-cv-07081 (D.N.J.). Glancy, Prongay & Murray and Rosen Law are presently Co-Lead Counsel in *Brian Donley v. Live Nation Entertainment, Inc. et al.*, 2:23-cv-06343 (C.D. Cal.) and *Rigo Fernandez v. DouYu International Holdings Limited et al.*, 2:23-cv-03161 (D.N.J.). The Court is cognizant that appointing Co-Lead Counsel carries the risk of inefficiencies. However, here, the proposed counsels to serve as Co-Lead Counsel have significant experience working together on similar securities class actions.

Accordingly, the Court approves Intel Investor Group's and Jeon's respective choices of counsel and appoints Glancy, Prongay & Murray and Rosen Law to serve as Co-Lead Counsel.

### C.    Motion Presentation by Junior Lawyers

Lastly, the Court strongly encourages the parties to permit less experienced lawyers, including lawyers from historically under-represented groups, to actively participate in the proceedings by presenting argument at motion hearings or examining witnesses at trial. The Court is amenable to permitting a few lawyers to argue for one party if this creates an opportunity for such attorneys to participate.

6

## III.    CONCLUSION

In sum, the Court **GRANTS** Intel Investor Group's and Jeon's stipulated motions to serve as co-lead plaintiffs and approves the selection of Glancy, Prongay & Murray and Rosen Law as co-lead counsel. ECF 39

Saratoga's and Lakhani's motions to appoint lead plaintiff and approve lead counsel are **DENIED** as moot.

Plaintiffs are ordered to file an Amended Consolidated Complaint no later than, October 9, 2024, 21 days after the issuance of this order.

An initial case management conference is scheduled for November 14, 2024.  A joint case management statement is due no later than November 7, 2024.

This Order resolves ECF 17, 21, 23, 29, and 39.

IT IS SO ORDERED.

Dated: September 18, 2024

_____
TRINA L. THOMPSON
United States District Judge

05/03/2027