UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE INTEL CORPORATION<br>SECURITIES LITIGATION | Case No. 24-cv-02683-TLT<br><br>**INQUIRIES FOR HEARING ON 7/8/2025**<br><br>Re: ECF 91 |

## I.    FALSITY

1. **[BOTH]** The April 2, 2024, recast results indicated that the Intel Foundry segment would have had a loss of $7 billion in FY 2023, as it would have been charged with manufacturing expenses "previously allocated primarily to [Client Computing Group], [Data Center and Artificial Intelligence], and [Networking and Edge]." ECF 88, ¶ 147.

    a. For the Intel Foundry Services ("IFS") Reporting Results, did Defendants communicate to investors that the operating expenses for the internal foundry were obscured in the financial reporting?

        i. Does Plaintiff contend that the obscure reporting in 2023 was intentionally misleading? If so, how and for what reason?

    b. Is Plaintiffs' primary issue that Defendants did not report Internal Foundry financial results in a consolidated manner in 2023?

2. **[BOTH]** In its previous order, the Court found that statements made by Gelsinger and Zinsner suggesting that preliminary Internal Foundry profit and loss statements ("P&Ls") were available in 2023 by themselves was not sufficient to allege that Gelsinger regularly reviewed the Internal Foundry's operating results in 2023 to make decisions about resources to be allocated to the segment and assess its performance. Plaintiffs now add

statements suggesting that Gelsinger was aware of the operational impact of the Internal Foundry in 2023.

    a. Are these allegations, paired with the preliminary P&Ls, sufficient to allege falsity based on violation of Generally Accepted Accounting Principles ("GAAP")?

    b. Plaintiffs also add observations of expert Harris Devor, a Certified Public Accountant ("CPA") with over 50 years of experience, to bolster their allegations. Are the observations of Devor considered new facts sufficient to allege falsity?

## II. SCIENTER

3. **[BOTH]** If the Court finds that Gelsinger and Zinsner knew and acted on the full foundry financial information in 2023, are the statements made by Gelsinger and Zinsner sufficient to show scienter?

    a. Does the Ernst & Young LLP ("EY") audit cut against a finding of scienter?

4. **[DEFENDANTS]** Plaintiffs also argue under the core operations doctrine that Gelsinger and Zinsner could not have been unaware of the billions in full foundry losses. What is your response to this argument?

## III. LOSS CAUSATION

5. **[PLAINTIFFS]** Defendant contend that for each of the three stock drops, Plaintiffs fail to link the stock drops to an alleged misstatement. What is your response to this argument?

**IT IS SO ORDERED.**

Dated: July 7, 2025

_____
TRINA L. THOMPSON
United States District Judge